the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

SARAH GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

ROSE MARIE GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

JULIUS STERN, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

BECKY STERN, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

ELI STERN, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.— As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

JOHN MACOMBER, Respondent, v. JOHN PRATT, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of negligence on the part of the defendant is against the weight of the evidence. All concur, Thompson, J., not sitting.

HEDGER TRANSPORTATION COMPANY, INC., Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant, and Another, Defendant.*— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event on the grounds: (1) That the evidence was insufficient to establish a cause of action against the appellant, and (2) that the court erred in refusing

* Affd., 264 N. Y. ——.

to charge the request of the appellant to the effect that there was no duty of the Lehigh Valley Railroad Company to build a fire system of the same kind and character as was built by the city of Buffalo for the use of its fire engines, with large hose and large hydrants, upon the dock of the Lehigh Valley Railroad Company. All concur except Thompson and Crosby, JJ., who dissent and vote for affirmance on the ground that the evidence presented a clear question of fact and that error in the charge was not reversible for the reason that it was cured by a subsequent charge to the effect that no verdict could be rendered against the appellant unless it was found that the fire was caused by negligence in the first instance of the appellant.

IRA S. BUSHEY & SONS, INC., Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant, and Another, Defendant.*— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event on the grounds: (1) That the evidence was insufficient to establish a cause of action against the appellant, and (2) that the court erred in refusing to charge the request of the appellant to the effect that there was no duty of the Lehigh Valley Railroad Company to build a fire system of the same kind and character as was built by the city of Buffalo for the use of its fire engines, with large hose and large hydrants, upon the dock of the Lehigh Valley Railroad Company. All concur except Thompson and Crosby, JJ., who dissent and vote for affirmance on the ground that the evidence presented a clear question of fact and that error in the charge was not reversible for the reason that it was cured by a subsequent charge to the effect that no verdict could be rendered against the appellant unless it was found that the fire was caused by negligence in the first instance of the appellant.

ANTHONY O'BOYLE, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant, and Another, Defendant.*— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event on the grounds: (1) That the evidence was insufficient to establish a cause of action against the appellant, and (2) that the court erred in refusing to charge the request of the appellant to the effect that there was no duty of the Lehigh Valley Railroad Company to build a fire system of the same kind and character as was built by the city of Buffalo for the use of its fire engines, with large hose and large hydrants, upon the dock of the Lehigh Valley Railroad Company. All concur except Thompson and Crosby, JJ., who dissent and vote for affirmance on the ground that the evidence presented a clear question of fact and that error in the charge was not reversible for the reason that it was cured by a subsequent charge to the effect that no verdict could be rendered against the appellant unless it was found that the fire was caused by negligence in the first instance of the appellant.

FANNIE CARMIN, Respondent, v. CONLIN BUS LINES, INC., Appellant.— Judgment and order affirmed, with costs. All concur.

SAMUEL CARMIN, Respondent, v. CONLIN BUS LINES, INC., Appellant.— Judgment and order affirmed, with costs. All concur.

FRIGIDAIRE SALES CORPORATION, Respondent, v. SYRACUSE INVESTMENT CORPORATION, Appellant.— Judgment of County Court reversed on the law and judgment of Municipal Court affirmed, with costs in this court and in County Court on the ground that the annexing of the Frigidaire system to the realty was such that it lost its character as personal property and became a part of the real

* Affd., 264 N. Y. ——.